UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL RODRIGUEZ,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MEDICAL STAFF AND CANYON COUNTY DEPUTIES,<br><br>　　　　　　　Defendants. | Case No. 1:22-cv-00088-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Daniel Rodriguez is an inmate proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Init. Rev. Order*, Dkt. 8.

　　　　Plaintiff responded by submitting a letter that includes additional facts in support of his claims, along with statements of several witnesses. Dkt. 9. The Court will treat this letter as a supplemental pleading under Federal Rule of Civil Procedure 15(d) and will consider the Complaint and the supplement together as the operative pleading in this case. The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b).

　　　　Having reviewed the Complaint and supplement, the Court concludes that Plaintiff has failed to remedy the deficiencies identified in the Initial Review Order. Therefore, the Court will dismiss this case with prejudice.

**1.　　Screening Requirement**

　　　　As explained in the Initial Review Order, the Court must dismiss a prisoner or in

forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2. **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3. **Discussion**

Plaintiff asserts claims under 42 U.S.C. § 1983, the civil rights statute, alleging that he did not receive adequate medical treatment in jail. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind."

*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

To to state a plausible Fourteenth Amendment claim of inadequate medical treatment while detained,[1] a plaintiff must allege facts reasonably supporting the following inferences:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff alleges that he was sick with COVID-19 symptoms for several days but that he was not provided medical treatment. His illness resulted in his fainting and falling in the shower. Plaintiff's injuries included multiple cuts and bruises, including a cut above his eye that required stitches. *See generally* Dkt. 9.

---

[1] It remains unclear whether Plaintiff was a pretrial detainee or a convicted inmate at the time his claims arose. Therefore, the Court analyzes Plaintiff's claims under the Fourteenth Amendment's Due Process Clause—which applies to pretrial detainees—because the standards of that amendment are easier for plaintiffs to meet than the standards under the Eighth Amendment, which applies only to convicted inmates. *See Init. Rev. Order* at 8–14.

These allegations do not support a plausible inference that Plaintiff's constitutional rights were violated. At most, unidentified jail medical providers might have been negligent in failing to treat Plaintiff for several days. But negligence or medical malpractice is not enough to state a plausible due process claim. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) ("[T]he mere lack of due care … does not deprive an individual of life, liberty, or property under the Fourteenth Amendment.") (internal quotation marks omitted).

In addition, Plaintiff still has not identified a proper defendant. As the Court previously explained, the Complaint's identification of "Medical Staff and Canyon County Deputies" does not reveal whether Plaintiff seeks to sue "individual jail medical providers or deputies, governmental or private entity defendants, or some combination thereof." *Init. Rev. Order* at 4. Finally, even assuming that Plaintiff intended to name the county and the company providing inmates with medical care under contract with the county, the Complaint and supplement do not plausible allege that either entity had a policy or custom of delaying or denying medical treatment to sick inmates. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

For the foregoing reasons, this case is subject to dismissal for failure to state a claim upon which relief may be granted.

**4.     Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because

Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED** that, for the reasons stated in this Order and the Initial Review Order (Dkt. 8), this entire case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

DATED: September 26, 2022

_____
David C. Nye
Chief U.S. District Court Judge